UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
FILED
CLERK U.S. BANKRUPTCY COURT
2005 FEB 17 PM 1:56
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| In re: | Case No. 04-16189 |
| GARY MICHAEL DESIERO, | Chapter 7 |
| Debtor. | Judge Arthur I. Harris |
| RITA M. DESIERO,<br>    Plaintiff,<br>v.<br>BASIL M. RUSSO,<br>    Defendant. | Adversary Proceeding No. 04-1421 |
| MARY ANN RABIN, TRUSTEE,<br>    Plaintiff,<br>v.<br>GARY M. DESIERO, *et al.*,<br>    Defendants. | Adversary Proceeding No. 04-1570 |

MEMORANDUM OF OPINION

These adversary proceedings are currently before the Court on the motion of Rita M. DeSiero to consolidate (Docket #7 in Adversary Proceeding #04-1421) and the motion of defendant Basil M. Russo to dismiss Adversary Proceeding #04-1421 for failure to perfect service within 120 days (Docket #11 in Adversary Proceeding #04-1421). For the reasons that follow, the motion to consolidate is granted, and the motion to dismiss is denied.

## BACKGROUND

On August 7, 2004, plaintiff Rita M. DeSiero filed an adversary complaint against defendant Basil M. Russo (Adversary Proceeding #04-1421 in the main Chapter 7 case of Gary Michael Desiero, Case #04-16189). Plaintiff's complaint alleges that defendant committed legal malpractice when he allegedly advised plaintiff and her spouse to change their ownership in their residence, exposing the residence to creditors. In the initial filing, plaintiff's counsel failed to include the $150 filing fee, the adversary cover sheet, and a request for summons.

On September 8, 2004, plaintiff filed an ex-parte motion (Docket #4) seeking the Court to stay the adversary proceeding and to extend the time to obtain service upon the defendant. The plaintiff made this request because the adversary proceeding was dependent upon whether the Chapter 7 trustee would pursue a separate fraudulent transfer claim against the plaintiff in the underlying Chapter 7 case of Gary Michael DeSiero. On September 10, 2004, the Court entered a marginal order (Docket #5) staying the adversary proceeding until November 8, 2004, but indicating that service would need to be perfected within 120 days of the filing of the adversary proceeding, *i.e.*, no later than Monday, December 6, 2004.

On November 26, 2004, plaintiff filed a motion asking the Court to reinstate the adversary proceeding and to consolidate it with Adversary Proceeding

#04-1570 filed by the Chapter 7 trustee. The motion explained that her adversary complaint was better filed as a third-party complaint in Adversary Proceeding #04-1570. The same day, the plaintiff also filed a request for issuance of summons (Docket #8). Plaintiff's request for issuance of summons, however, was deficient because counsel submitted the completed summons from the Chapter 7 trustee's adversary, Adversary Proceeding #04-1570. Plaintiff's counsel received a deficiency notice on December 17, 2004.

On December 14, 2004, the defendant filed a memorandum in opposition to the debtor's motion to reinstate and consolidate and a motion to dismiss for failure to perfect service within 120 days (Docket #10). On December 17, 2004, plaintiff filed an amended request for issuance of summons (Docket #14), fixing the earlier mistake, and she paid her filing fee.

On January 4, 2005, plaintiff filed her opposition to the motion to dismiss (Docket #17) explaining that she had cause to extend the 120-day filing deadline because she was waiting for the Chapter 7 trustee to file an adversary. The opposition also explained that plaintiff was still waiting for the Court to issue the summons as requested back on November 26, 2004, prior to the 120-day deadline. On January 6, 2005, the Court issued the summons (Docket #18). Plaintiff served the summons and the complaint upon the defendant by regular mail on January 12,

3

2005 (Docket #19).

## DISCUSSION

*Consolidation Under Rule 7042 and Fed. R. Civ. P. 42(a)*

Rule 7042 of the Federal Rules of Bankruptcy Procedure incorporates Rule 42 of the Federal Rules of Civil Procedure, including Rule 42(a), which provides:

> **(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court . . . A court may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citations omitted).

> Cases consolidated under Rule 42(a), however, retain their separate identity. *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985). And although "consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933). Therefore, it is the district court's responsibility to ensure that parties are not prejudiced by consolidation.

4

*Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 412-13 (6th Cir. 1998).

Adversary Proceedings ## 04-1421 and 04-1570 contain common questions of law and fact. Therefore, the Court will exercise its discretion and consolidate the cases as a "matter of convenience and economy in administration." All future filings in both adversary proceedings will be entered on a single docket under Adversary Proceeding #04-1421.

*Dismissal Under Rule 7004 and Fed. R. Civ. P. 4(m)*

Rule 7004(a) of the Federal Rules of Bankruptcy Procedure incorporates portions of the Rule 4 of the Federal Rules of Civil Procedure, including Rule 4(m), which provides:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The plain language of Fed. R. Civ. P. 4(m) indicates that "even in the absence of good cause, the court may grant an extension of time for service, but if good cause is shown, the court must extend." *In re Lopez*, 292 B.R. 570, 574

(E.D. Mich. 2003) (citing to *dicta* in *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996)); *see also* Advisory Committee's Notes on 1993 Amendments to Fed. R. Civ. P. 4; *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *DeTie v. Orange County*, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995). *But see Catz v. Chalker*, 142 F.3d 279, 289 n.10 (6th Cir. 1998) (noting in *dicta* that good cause was necessary to secure an enlargement of time for service); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (noting in *dicta* that "[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal").

Although the Court is hesitant to contravene *dicta* from published Sixth Circuit decisions, this Court is persuaded by the lower courts within the circuit that have respectfully disagreed with the *dicta* of *Catz* and *Byrd*. *E.g., Davidson v. Weltman, Weinberg & Reis*, 285 F.Supp.2d 1093, 1095-96 (S.D. Ohio 2003); *In re Lopez*, 292 B.R. 570 (E.D. Mich. 2003); *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322 (E.D. Mich. 2001); *Wise v. Department of Defense*, 196 F.R.D. 52

6

(S.D. Ohio 1999). In addition, Judge Boggs, who authored the Sixth Circuit's decision in *Catz*, joined in a later unpublished decision which noted, in *dicta*, that "the court has discretion to permit late service even absent a showing of good cause." *Stewart v. Tennessee Valley Authority*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. 2000) (citing *Henderson*).

The parties disagree about whether plaintiff had good cause for failing to perfect timely service. The Court, however, does not need to find good cause in order to permit late service and direct that service be effected within a specified time. Despite plaintiff's errors and deficiencies in this case, the Court will exercise its discretion and not dismiss the action without prejudice. Rather, the Court directs that service be effected by January 15, 2005. The Court grants this brief extension to perfect service because it favors a decision on the merits and because the Court itself was responsible for some of the delay in issuing the summons. Thus, the deadline for perfecting service is extended to January 15, 2005, and the defendant's motion to dismiss is denied.

7

## CONCLUSION

For the foregoing reasons, Rita M. DiSiero's motion to consolidate (Docket #7 in Adversary Proceeding #04-1421) is granted, and defendant Basil M. Russo's motion to dismiss Adversary Proceeding # 04-1421(Docket #11 in Adversary Proceeding #04-1421) is denied.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge

8

04-01421-aih    Doc 22    FILED 02/17/05    ENTERED 02/18/05 16:45:31    Page 8 of 8